**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-4582**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ELIAS JUNIOR RODRIGUEZ,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:18-cr-00401-NCT-7)

─────────────

Submitted: November 2, 2020                    Decided: November 4, 2020

─────────────

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

John D. Bryson, WYATT EARLY HARRIS WHEELER, LLP, High Point, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Elias Junior Rodriguez pled guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2018). The district court sentenced Rodriguez to 120 months' imprisonment, reflecting both a downward departure and a downward variance from Rodriguez's Sentencing Guidelines range. On appeal, Rodriguez challenges the procedural reasonableness of his sentence. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if it is free of any "significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51.

Invoking both a downward departure under the Guidelines and a downward variance under the 18 U.S.C. § 3553(a) (2018) sentencing factors, the district court sentenced Rodriguez to 120 months' imprisonment, a term less than half the low end of the 292- to 365-month Guidelines range. Rodriguez argues that the district court erred failed to adequately explain the sentence because it did not separately address the downward variance and downward departure or explain how each drove the court to arrive at the 120-month sentence.

In *United States v. Diasdado-Star*, 630 F.3d 359 (4th Cir. 2011), we reasoned that "the practical effects of applying either a departure or a variance are the same," and the method by which a district court deviates from an initial Guidelines range affects neither

2

the justification that court must provide nor the appellate review in which we engage. *Id.* at 365. As long as the district court gives "serious consideration to the extent" of any deviation and "adequately explain[s] the chosen sentence," it is "irrelevant" whether the court relies on a departure or a variance or both. *Id.* (quoting *Gall*, 552 U.S. at 46, 50); *see United States v. Evans*, 526 F.3d 155, 164 (4th Cir. 2008) (review of sentence does not depend on whether departure or variance provides basis for deviation).

Applying this standard, we find no fault with the sentencing procedures of the district court. At the sentencing hearing, the district court stated that it imposed the 120-month sentence as a combination downward departure and downward variance. Acknowledging that a 120-month sentence was a significant deviation from the Guidelines range, the court opined that such a term was appropriate in light of factors specific to Rodriguez, such as his family background, criminal history, and substance abuse, thereby implicitly referencing the 18 U.S.C. § 3553(a) factors. We conclude that the district court met its obligation to "provide a rationale tailored to the particular case at hand and adequate to permit a meaningful appellate review." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks and citations omitted).

Accordingly, we affirm Rodriguez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*